**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| TERESA ROBERTS, COLLEEN SANDERS and DEANNA SCHLISKE,<br><br>Plaintiff,<br><br>vs.<br><br>USCC PAYROLL CORPORATION d/b/a U.S. CELLULAR, BONNIE HRUSKA and STEPHANIE HOOD,<br><br>Defendants. | No. C07-3071-MWB<br><br>**ORDER REGARDING DEFENDANTS UNITED STATES CELLULAR CORPORATION AND BONNIE HRUSKA'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT** |

_____

**TABLE OF CONTENTS**

*I.  INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    *A.  Rule 12(b)(5) Motion to Dismiss* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    *B.  Rule 12(b)(6) Motion to Dismiss* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
        *1.  Rule 12(b)(6) Standards* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
        *2.  Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    *C.  Supplemental Jurisdiction* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
        *1.  General law regarding supplemental jurisdiction* . . . . . . . . . 11
        *2.  Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## I. INTRODUCTION AND BACKGROUND

On October 15, 2007, plaintiffs Teresa Roberts, Colleen Sanders and Deanna Schliske filed their complaint in this case against defendants USCC Payroll Corporation ("USCC"), Bonnie Hruska, and Stephanie Hood. On March 4, 2008, plaintiffs amended their complaint in order to correct a misnomer of defendant USCC. In their amended complaint, plaintiffs allege the following two causes of action against their former employer, defendant USCC and two supervisors, defendants Bonnie Hruska, and Stephanie Hood: (1) claims of age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, and (2) pendent state law claims under the Iowa Civil Rights Act ("ICRA") for age discrimination, IOWA CODE CH. 216.

Defendants USCC and Hruska have filed a motion to dismiss, which defendant Hood subsequently joined. Therefore, because all of the defendants are seeking dismissal of the amended complaint, the court will refer to the pending motion to dismiss generally as defendants' motion to dismiss. In their motion, defendants seek dismissal of the amended complaint as to defendant USCC for failure to effectuate proper service within the requisite time period permitted pursuant to Federal Rule of Civil Procedure 4(m). Defendants also seek dismissal of the ADEA claim against defendants Hruska and Hood for failure to state a cause of action, arguing that defendants Hruska and Hood, as individuals, cannot be liable under the ADEA. Defendants further assert that the court should decline to exercise supplemental jurisdiction over Count II of the amended complaint, the ICRA claim, against defendants Hruska and Hood. Plaintiffs have filed a response to defendants' motion to dismiss in which they assert that good cause exists for the court to extend the time allowed them to effectuate service. Plaintiffs also argue that individual defendants may be held liable for their violations of the ADEA, and that even

if the court were to dismiss the ADEA claims against defendants Hruska and Hood, the court should exercise supplemental jurisdiction over defendants Hruska and Hood. Defendants have filed a timely reply brief.

## II. LEGAL ANALYSIS

### A. *Rule 12(b)(5) Motion to Dismiss*

Defendants move, pursuant to Federal Rule of Civil Procedure 12(b)(5), to dismiss plaintiffs' amended complaint against USCC because it was not served by plaintiffs within 120 days of the filing of the complaint, as is required under Federal Rule of Civil Procedure 4(m). In a Rule 12(b)(5) motion, "the party making the service has the burden of demonstrating validity when an objection to the service is made." *Suegart v. United States Customs Serv.,* 180 F.R.D. 276, 278 (E.D. Pa. 1998); *see Preston v. New York,* 223 F. Supp. 2d 452, 466 (S.D.N.Y. 2002) (holding that plaintiff bears the burden of proving compliance with service or process rules). Under Federal Rule of Civil Procedure 4(m), plaintiffs have 120 days after filing their complaint to serve a defendant. If the defendant is not served within 120 days, the court must dismiss the complaint without prejudice so that service can be made within a specific time or direct that service be effected within a specific time, or, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[1] *See Adams v.*

---

[1] Since December 1, 2007, Federal Rule of Civil Procedure 4(m) has stated:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the

(continued…)

3

*AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996); *see also Colasante v. Wells Fargo Corp.*, 81 Fed. App'x. 611, 613 (8th Cir. 2003); *accord United States v. 2,164 Watches,* 366 F.3d 767, 772 (9th Cir. 2004); *Coleman v. Milwaukee Bd. of School Dirs.,* 290 F.3d 932, 934 (7th Cir. 2002); *In re Sheehan,* 253 F.3d 507, 513 (9th Cir. 2001); *Panaras v. Liquid Carbonic Indus. Corp.,* 94 F.3d 338, 341 (7th Cir. 1996); *Espinoza v. United States,* 52 F.3d 838, 841 (10th Cir. 1995); *Petrucelli v. Bohringer & Ratzinger,* 46 F.3d 1298, 1305 (3d Cir. 1995). Even where the plaintiff has *not* demonstrated good cause, the court may, in its discretion, either extend time for service of process or dismiss the action without prejudice. *See Adams*, 74 F.3d 882, 887; *see also Colasante*, 81 Fed. App'x. at 613; *accord 2,164 Watches,* 366 F.3d at 772; *Coleman,* 290

---

[1](…continued)
> court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

FED. R. CIV. P. 4(m) (current version). Prior to December 1, 2007, and at the time this action was commenced, Rule 4(m) stated:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

FED. R. CIV. P. 4(m). The changes to Rule 4(m) were intended to be stylistic only, with the intent to make the rule more easily understood. FED. R. CIV. P. 4(m) advisory committee's note on 2007 Amendment.

4

F.3d at 934; *In re Sheehan,* 253 F.3d at 513; *Panaras,* 94 F.3d at 341; *Espinoza,* 52 F.3d at 841; *Petrucelli,* 46 F.3d at 1305. In making this determination, the court must consider the consequences to both parties in making this decision, taking into account such factors as (1) whether the statute of limitations would bar the refiling of the case, (2) whether the defendant evaded service or concealed a defect in attempted service, (3) whether granting an extension of time in which to serve the defendant would prejudice the defendant's ability to defend the lawsuit, (4) whether the defendant had actual notice of the lawsuit, and (5) whether the defendant was eventually served. *Coleman,* 290 F.3d at 934; FED. R. CIV. P. 4(m), Advisory Committee Note, 1993 Amendments.

Here, while it is uncontested that while plaintiffs incorrectly served United States Cellular Corporation, rather than USCC Payroll Corporation, 113 days after filing their complaint in this matter by leaving a copy of a summons and complaint with the Iowa Secretary of State's office, plaintiffs believed that United States Cellular Corporation was the correct entity to be sued due to its name appearing in plaintiffs' employee's handbook. Plaintiff learned that USCC Payroll Corporation was the correct entity only after the 120 day period expired. However, while plaintiffs left a copy of the summons and complaint with the Iowa Secretary of State's office within the 120 day period, plaintiffs never completed service by mailing notification of the filing as required by Iowa Code § 617.3.[2]

---

[2] Iowa Code § 617.3 provides that:

> 3. Service of such process or original notice shall be made (1) by filing duplicate copies of said process or original notice with said secretary of state, together with a fee of ten dollars, and (2) by mailing to the defendant and to each of them if more than one, by registered or certified mail, a notification of said filing with the secretary of state, the same to be so mailed

(continued…)

5

*See* FED R. CIV. P. 4(h)(1)(B) (requiring the mailing of a copy of the summons and complaint when "the statute so requires. . ."). Other than pointing out their general confusion as to the correct corporate entity to serve, plaintiffs have not offered any explanation of why they did not comply with the mailing requirement of Iowa Code 617.3. Thus, the court concludes that plaintiffs have not established good cause for their failure to complete service within 120 days. Nonetheless, the balance of factors weighs clearly in favor of permitting plaintiffs an extension of time to complete service in this case. First, if the complaint is dismissed, they will not be able to refile their ADEA claims because the statute of limitations on them have expired. Moreover, while defendant USCC did not evade service, it appears that it had notice of the suit since plaintiffs served United States Cellular Corporation.[3] In addition, there has been no showing by defendant USCC that it has been prejudiced by the delay between the filing and service of the complaint.

---

[2](…continued)
> within ten days after such filing with the secretary of state. Such notification shall be mailed to each foreign corporation at the address of its principal office in the state or country under the laws of which it is incorporated and to each such nonresident person at an address in the state of residence. The defendant shall have sixty days from the date of such filing with the secretary of state within which to appear. Proof of service shall be made by filing in court the duplicate copy of the process or original notice with the secretary of state's certificate of filing, and the affidavit of the plaintiff or the plaintiff's attorney of compliance herewith.

IOWA CODE § 617.3.

[3] According to documents from the Iowa Secretary of State's Office attached to plaintiffs' response to plaintiff's motion, the home office of both defendant USCC Payroll Service and United States Cellular Corporation is identical.

Indeed, defendant USCC does not even make an argument that it has been prejudiced, as it has been an active participant in this litigation. Therefore, for the these reasons, the court will exercise its discretion under Rule 4(m) and extend the time for service in this case. Accordingly, that portion of defendants' motion to dismiss the amended complaint against USCC because it was not timely served by plaintiffs, pursuant to Rule 12(b)(5), is denied. Plaintiffs are ordered to effect service of the Amended Complaint on defendant USCC in accordance with the Federal Rules of Civil Procedure Rule 4(m) within twenty (20) days from the date of this order.

### B. *Rule 12(b)(6) Motion to Dismiss*

#### *1. Rule 12(b)(6) Standards*

The legal standards governing a motion to dismiss are often cited and are well-known to this court. Two recent developments, however, have altered the legal landscape concerning the court's analysis of a motion to dismiss. The most recent development is purely cosmetic. Effective December 1, 2007, Federal Rule of Civil Procedure 12 was "amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules." Fed. R. Civ. P. 12 advisory committee's note. The advisory committee notes make it clear that the "changes are to be stylistic only." *Id*. The stylistic changes to Rule 12(b)(6) are in fact minimal, as Rule 12(b)(6) remains the domain of the defense "for failure to state a claim upon which relief can be granted." *Id*. 12(b)(6). Thus, the court need not alter its well known review of the pending motion to dismiss as a result of the recent amendment.

However, a recent Supreme Court decision, *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), requires the court to modify its substantive review of the motion to dismiss. Prior to *Twombly*, the Eighth Circuit Court of Appeals stated:

> The standard for a district court to employ in ruling on a motion to dismiss is clear. A district court must accept the allegations contained in the complaint as true, and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief.

*Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (emphasis added) (internal citations and quotations omitted); *see Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief." (emphasis added)). In *Twombly*, the Court retired the generous and often disparaged "no set of facts" language because it permitted an "approach to pleading [that] would dispense with any showing of a reasonably founded hope that a plaintiff would be able to make a case." 127 S. Ct. at 1968-69. The Eighth Circuit Court of Appeals has discussed the Supreme Court's decision in *Twombly* in only two decisions. *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008); *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). Fortunately, other Circuit Courts of Appeals have elaborated on *Twombly*. *E.g.*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (2d Cir. 2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

Under *Twombly*, it is now understood that complainants have an obligation to provide the grounds of their entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 127 S. Ct. at 1964-65. "The complaint must allege facts, which, when taken as true, raise more than a speculative right to relief." *Benton*, 524 F.3d at 870; *see Schaaf*, 517 F.3d

at 549 ("The plaintiffs need not provide specific facts in support of their allegations, but they must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level.") (citation omitted); *see also Killingsworth*, 507 F.3d at 618 ("[T[he factual allegations in the complaint 'must be enough to raise a right to relief above the speculative level.'") (quoting *Twombly*, 127 S. Ct. at 1965). Otherwise, the complainant fails to state a claim upon which relief can be granted because they "have not nudged their claims across the line from conceivable to plausible." *Twombly*, 127 S. Ct. at 1974. Thus, the complaint must contain "enough facts to state a claim to relief that is plausible on its face," although it does not have to contain "fact pleading of specifics." *Id.*; *see Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) ("Specific facts are not necessary [under Federal Rule of Civil Procedure 8(a)(2)."); *Airborne Beepers & Video, Inc. v. AT&T Mobility L.L.C.*, 499 F.3d 663, 667 (7th Cir. 2007) (noting *Erickson* made it clear "that [*Bell Atlantic v.*] *Twombly* did not signal a switch to fact-pleading in the federal courts"). Finally, although *Twombly* might have done away with the "no set of facts" language, it did not change the requirement that "when ruling on a motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson*, 127 S. Ct. at 2200; *see, e.g.*, *Gross v. Weber*, 186 F.3d 1089, 1090 (8th Cir. 1999) ("On a motion to dismiss, we review the district court's decision de novo, accepting all the factual allegations of the complaint as true and construing them in the light most favorable to [the non-movant].").

### *2. Analysis*

Defendants Hruska and Hood seek dismissal of the ADEA claim against them for failure to state a cause of action, arguing that as individuals they cannot be liable under the ADEA. In the amended complaint, it is alleged that defendant Hood was employed as a store supervisor of United States Cellular Corporation's Fort Dodge store. Amended

Comp. at ¶ 15. Defendant Hruska is alleged to have occupied the position of store manager at that same location. Amended Compl. at ¶ 16.

The ADEA states that it is "unlawful for an employer to fail to or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The ADEA defines "employer" as "a person . . . who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year [and] any agent of such a person." 29 U.S.C. § 630(b). Although the Eighth Circuit Court of Appeals has not explicitly decided the issue, the majority of the other federal circuit courts of appeals have uniformly held that the ADEA does not provide for individual liability. *See Medina v. Ramsey Steel Co.*, 238 F.3d 674, 886 (5th Cir. 2001) ("[T]he ADEA 'provides no basis for individual liability for supervisory employees.'") (quoting *Stults v. Conoco*, 76 F.3d 651, 655 (5th Cir. 1996); *accord Jiggetts v. Sharpe,* 141 Fed. App'x 162, 163 (4th Cir. 2005) ("Individuals cannot be held liable for employment discrimination under the ADEA."); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313-17 (2d Cir. 1995) (no individual liability under Title VII); *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (no individual liability under the ADEA); *Birbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510, 511 (4th Cir.) (no individual liability under ADEA), *cert denied*, 513 U.S. 1058 (1994); *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) (no individual liability under Title VII or ADEA) (citing *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982)), *cert. denied sub nom. Miller v. La Rosa*, 114 S. Ct. 1049 (1994); *see also Horwitz v. Bd. of Educ.,* 260 F.3d 602, 610 n. 2 (7th Cir. 2001) ("We have suggested that there is no individual liability under the ADEA." ); *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404-05 (6th Cir. 1997)(interpreting Title VII but also finding the liability schemes under Title VII,

the ADEA, and the ADA essentially the same in aspects relevant to this issue). In the face of this armada of legal precedent, plaintiffs can point the court only to the language of the ADEA, which plaintiffs contend conclusively demonstrates that the ADEA offers a basis for individual liability for supervisory employees. However, given the wealth of legal precedent holding squarely to the contrary, the court declines to adopt plaintiffs' wholly unsupported argument that the plain language of the ADEA authorizes individual liability. Therefore, the court holds that the ADEA does not provide for individual liability and grants defendants' motion to dismiss as to plaintiffs' ADEA claims against defendants Hruska and Hood on the grounds that the ADEA does not provide for individual liability.

### C. *Supplemental Jurisdiction*

Finally, defendants contend that because the ADEA claims found in Count I against Hruska and Hood must be dismissed, the court should decline to exercise its supplemental jurisdiction over plaintiffs' pendent state law claims under ICRA for age discrimination.

#### *1. General law regarding supplemental jurisdiction*

Section 1367 of Title 28 of the United States Code governs a district court's supplemental jurisdiction over state law claims:

> **(a)** Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims *that are so related to claims in the action within the original jurisdiction that they form part of the same case or controversy* under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve joinder or intervention of additional parties.

28 U.S.C. § 1367(a) (emphasis added). Whether a court has supplemental jurisdiction is determined by the following test: "'a federal court has jurisdiction over an entire action, including state-law claims, wherever the federal-law and state law claims in the case 'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" *Kansas Public Employees Retirement Sys. v. Reimer & Koger, Assoc., Inc.*, 77 F.3d 1063, 1067 (8th Cir. 1996) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988) in turn quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966)); *see Cossette v. Minnesota Power & Light*, 188 F.3d 964, 973 (8th Cir. 1999) ("A district court may exercise supplemental jurisdiction over state law claims that arise from the same nucleus of operative fact as the plaintiff's federal claims and when the plaintiff would ordinarily be expected to try all the claims in one judicial proceeding.") (citing *Kansas Public Employees Retirement Sys.*); *Meyers v. Trinity Med. Ctr*, 983 F.2d 905, 907 (8th Cir. 1993); *Alumax Mill Prods., Inc. v. Congress Fin. Corp.*, 912 F.2d 996, 1005 (8th Cir. 1990); *Appelbaum v. Ceres Land Co.*, 687 F.2d 261, 262-63 (8th Cir. 1982); *Wrist-Rocket Mfg. Co., Inc. v. Saunders Archery Co.*, 578 F.2d 727, 734-35 (8th Cir. 1978). In sum, supplemental jurisdiction under subsection (a), is appropriate where the federal-law claims and the state-law claims in the case "derive from a common nucleus of operative fact" and are such that a plaintiff would ordinarily be expected to bring all of the claims in one suit. *See Kansas Public Employees Retirement Sys.*, 77 F.3d at 1067.

Once the court has determined supplemental jurisdiction is proper under subsection (a), subsection (c) provides the list of circumstances under which the court can decline to exercise such supplemental jurisdiction:

> **(c)** The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

> **(1)** the claim raises a novel or complex issue of State law,
> **(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
> **(3)** the district court has dismissed all claims over which it has original jurisdiction, or
> **(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c); *see International Ass'n of Firefighters of St. Louis, Franklin and Jefferson v. City of Ferguson*, 283 F.3d 969, 976 (8th Cir. 2002) (noting, without expressing an opinion as to what the district court should do on remand, that a district court "would always be free . . . to proceed on the merits of the state claim, in its discretion, even if one of the conditions in 28 U.S.C. § 1367(c) for dismissal of the state claim had been satisfied."); *Southern Council of Industrial Workers v. Ford*, 83 F.3d 966, 969 (8th Cir. 1996) ("Where original jurisdiction exists, exercise of supplemental jurisdiction over all adequately related claims is mandatory absent certain exceptions . . . ."); *Tinius v. Carroll County Sheriff Dept.*, 255 F. Supp. 2d 971, 977 (N.D. Iowa 2003) ("'The statute plainly allows the district court to reject jurisdiction over supplemental claims only in the four instances described therein.'") (quoting *McLaurin v. Prater*, 30 F.3d 982, 984 (8th Cir. 1994)). Thus, where the case clearly fits within one of the subsections of 1367(c), the court may decline to exercise supplemental jurisdiction. *Packett v. Stenberg*, 969 F.2d 721, 726-27 (8th Cir. 1992); *see also O'Connor v. State of Nev.*, 27 F.3d 357, 362 (9th Cir. 1994), *cert. denied*, 514 U.S. 1021 (1995); *Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277, 1285 n.14 (3d Cir. 1993); *Chesley v. Union Carbide Corp.*, 927 F.2d 60, 65-66, n.3 (2d Cir. 1991); *Carroll v. Borough of State College*, 854 F. Supp. 1184, 1200 (M.D. Pa. 1994), *aff'd mem.*, 47 F.3d 1160 (3d Cir. 1995). The Eighth Circuit Court of Appeals has counseled that, once

one of the grounds listed in § 1367(c) is present, the court's discretion "should be guided by considerations of judicial economy, convenience, and fairness to the litigants." *Cossette v. Minnesota Power & Light*, 188 F.3d 964, 973 (8th Cir. 1999); *accord Allen v. City of Los Angeles*, 92 F.3d 842, 846 (9th Cir. 1996) (noting that the court "should consider whether the exercise of jurisdiction advances 'the values of economy, convenience, fairness, and comity.'") (quoting *Executive Software v. United States Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994)), *overruled in part, Acri v. Varian Assocs., Inc.*, 114 F.3d 999 (9th Cir. 1997) (*en banc*). Furthermore, "[i]t is the law of this circuit that 'the substantial investment of judicial time and resources in the case . . . justifies the exercise of jurisdiction over the state claim, even after the federal claim has been dismissed.'" *Pioneer Hi-Bred Int'l v. Holden Foundation Seeds, Inc.*, 35 F.3d 1226, 1242 (8th Cir. 1994) (quoting *North Dakota v. Merchants Nat'l Bank & Trust Co.*, 634 F.2d 368, 371 (8th Cir. 1980)) (*en banc*), and also citing *Gilbert/Robinson, Inc. v. Carrie Beverage-Missouri, Inc.*, 989 F.2d 985, 993 (8th Cir.), *cert. denied*, 510 U.S. 928 (1993), and *First Nat'l Bank & Trust Co. v. Hollingsworth*, 931 F.2d 1295, 1307-08 (8th Cir. 1991)); *accord Murray v. Wal-Mart, Inc.*, 874 F.2d 555, 558 (8th Cir. 1989) (also stating that retention of jurisdiction is proper in such circumstances).

### 2. *Analysis*

The threshold determination which the court must make at this juncture is whether plaintiffs' ICRA claims for age discrimination against defendants Hruska and Hood arise from the same "nucleus of operative fact as the plaintiff[s'] federal claims," *Cossette*, 188 F.3d at 973,—for, if plaintiffs' state law claims do not arise under the same "case or controversy," then supplemental jurisdiction is not proper in the first instance under § 1367(a) and the court never reaches the circumstances enumerated in subsection (c) for when the court should decline supplemental jurisdiction over state law claims that form the

"same case or controversy" as the federal claims. 28 U.S.C. § 1367(a). Here, that issue is easily resolved since the allegations in the amended complaint clearly indicate that all of plaintiffs' claims, both federal and state, arise under the same case and controversy. Therefore, the court must next address the question of whether defendants Hruska and Hood have established that any of the grounds listed in § 1367(c)(3) are present.

Because the court has not dismissed the ADEA claims against USCC, defendants Hruska and Hood have failed to establish any of the grounds listed in § 1367(c)(3) and, as a result, the court need not entertain the question of whether it would have exercised its supplemental jurisdiction over plaintiffs' ICRA claims if all of their federal claims had been dismissed. Nonetheless, assuming *arguendo* that this case fit within § 1367(c) because of the court's dismissal of the ADEA claims against defendants Hruska and Hood, upon consideration of all the factors it is required to consider under the supplemental jurisdiction statute and applicable case law in determining whether to continue to exercise supplemental jurisdiction over plaintiff's ICRA claims against defendants Hruska and Hood, the court finds these factors weigh for the court retaining supplemental jurisdiction in this case. Specifically, the court notes that requiring plaintiffs to refile their ICRA claims against Hruska and Hood in state court would result in an undue amount of wasted or duplicative effort since plaintiffs would be required to litigate identical claims in both this court, against defendant USCC, and in Iowa state court, against defendants Hruska and Hood. *See Hankins v. The Gap, Inc.*, 84 F.3d 797, 802 (6th Cir. 1996). Moreover, declining supplemental jurisdiction of the ICRA claims against defendants Hruska and Hood would unduly delay timely resolution of this matter. Therefore, the court will exercise supplemental jurisdiction over plaintiffs' ICRA claims against defendants Hruska and Hood, and denies this portion of defendants' motion to dismiss.

## III. CONCLUSION

For the reasons discussed above, defendants' motion to dismiss is granted in part and denied in part. Accordingly, that portion of defendants' motion to dismiss the amended complaint against USCC because it was not timely served by plaintiffs, pursuant to Rule 12(b)(5), is denied. Plaintiffs are ordered to effect service of the Amended Complaint on defendant USCC in accordance with Federal Rule of Civil Procedure 4(m) within twenty (20) days from the date of this order. In addition, that portion of defendants' motion to dismiss seeking dismissal of the ADEA claims against defendants Hruska and Hood for failure to state a cause of action is granted, since individuals cannot be liable under the ADEA. Finally, the court concludes that it has supplemental jurisdiction over plaintiffs' ICRA claims against defendants Hruska and Hood and will continue to exercise its supplemental jurisdiction over those claims. As such, that portion of defendants' motion to dismiss is also denied.

**IT IS SO ORDERED.**

**DATED** this 13th day of January, 2009.

*[signature: Mark W. Bennett]*

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA